Filed 11/28/23

VERMONT SUPERIOR COURT
Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03647

Svitlana Woodford and Ryan Woodford
     Plaintiffs

v.

Bonnie Phillips
     Defendant

## Decision on Defendant's Motion to Dismiss

Federal housing regulations establish certain requirements for landlords who accept federal housing payments. One of those requirements is that landlords must provide their tenants with a notice of the tenant's occupancy rights under the federal Violence Against Women Act. 24 C.F.R. § 5.2005(a). The notice must be provided "no later than" several different junctures throughout the tenancy, including when the landlord provides the tenant with a notice of termination of the tenancy. 24 C.F.R. § 5.2005(a)(2)(iii). The notice is meaningful at that moment because it contains information regarding the tenant's rights not to be evicted "on the basis or as a direct result of the fact that the . . . tenant is or has been a victim of domestic violence, dating violence, sexual assault, or stalking," 24 C.F.R. § 5.2005(b)(1), and the tenant has steps that they must take in order to preserve their housing or request safe housing if they believe that the regulations apply to their situation, e.g., 24 C.F.R. § 5.2005(a)(ii); *Bayonne Housing Auth. v. Wilkes*, 2023 WL 3579054 (N.J. App. Div. May 22, 2023). In situations where the landlord is responsible for complying with this requirement, multiple courts have held that the landlord's failure to provide a copy of the notice along with the termination letter requires dismissal of an ensuing eviction, e.g., *Lambert v. Gharouni*, No. 23-CV-02410 (Vt. Super. Ct. Sept. 1, 2023) (Toor, J.); *Tolstoi v. Worth*, No. 23-CV-01292 (Vt. Super. Ct. June 13, 2023) (Shafritz, J.); *DHI Cherry Glen Assocs., L.P. v. Gutierrez*, 259 Cal. Rptr. 3d 410, 416 (Cal. Ct. App. 2019); *Housing Auth. of City of Hartford v. Shahine*, 2022 WL 2663954 (Conn. Super. Ct. Apr. 26, 2022).

Here, defendant receives federal housing benefits, and plaintiffs issued the termination letter without providing defendant with a copy of the required VAWA notice. Plaintiffs do not contest these facts, but argue that the case should not be dismissed because they have since provided a copy of the notice to the defendant. Federal regulations, however, require the notice to be provided "no later than" the time when the termination notice is issued, 24 C.F.R.

§ 5.2005(a)(2), and for the above-described reasons, the timing of the notice is material. It is important to ensure that survivors of domestic and sexual violence receive the required information at a time when they can access the protections to which they are entitled. For these reasons, and following the holdings of the above-cited cases, defendant's motion to dismiss is granted.

Electronically signed on Monday, November 27, 2023 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge